**FILED**
**Apr 30, 2026**
**12:40 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **SPENCER KING,**<br>　　　　**Employee**,<br>**v.**<br>**RENTOKIL NORTH AMERICA,**<br>**INC.,**<br>　　　　**Employer**,<br>**and**<br>**ARCH INDEMNITY INSURANCE**<br>**CO.,**<br>　　　　**Carrier**. | **Docket No. 2024-20-8017**<br><br>**State File No. 41030-2023**<br><br>**Judge Brian K. Addington** |

## EXPEDITED HEARING ORDER

Spencer King sought an order for temporary partial disability benefits. Rentokil argued that it paid Mr. King all the temporary benefits he was due. After an expedited hearing on April 14 and 28, 2026, the Court denies Mr. King's request.

### Claim History

Mr. King worked as an account specialist for Rentokil and injured his leg at work on April 5, 2023. Dr. Jonathan Bryant performed surgery and took him off work from May 24 until September 26. Mr. King received temporary total disability benefits during that time.

Dr. Bryant released Mr. King in September under a 15-pound light-duty restriction. Rentokil offered Mr. King a light-duty position, but he refused because he thought the job violated his restrictions. Also, he moved from Tennessee to North Carolina for economic reasons and for family help in his recovery. He was unwilling to return to light-duty with Rentokil in Tennessee because of the move.

Eventually, Dr. Bryant performed a second surgery and released him with 20-

1

pound light-duty restrictions on November 20, 2025. After the second surgery, Mr. King received long-term disability payments ending on December 17.

Mr. King sought work in North Carolina after the payments ended but was unable to find any that he felt fit his restrictions until February 27, 2026. He requested temporary disability benefits from December 17, 2025, until February 27, 2026.

Rentokil argued Mr. King was not entitled to the requested benefits because it could have accommodated the restrictions and he was unwilling to travel to Tennessee for the light-duty position.

### Findings of Fact and Conclusions of Law

Mr. King must show he is likely to prevail on his request for temporary partial disability benefits at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Temporary partial disability refers to the time, if any, during which the injured employee can resume some gainful employment but has not reached maximum recovery. *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016). This Court must consider all relevant circumstances when deciding whether an employee is entitled to temporary partial disability benefits. *Smith v. TrustPoint Hosp., LLC,* 2021 TN Wrk. Comp. App. Bd. LEXIS 1, at *24 (Jan. 6, 2021).

Mr. King did not accept light-duty work after his first surgery because he felt it violated his restrictions. He then moved to North Carolina for personal reasons and had a second surgery. When his long-term disability ended, he asked Rentokil for more temporary partial disability benefits. Ultimately his reason for not accepting work was that he no longer lived in Tennessee—a personal reason—not his restrictions.

Therefore, considering all relevant circumstances, Mr. King has not shown he is likely to prevail at a hearing on the merits.

**IT IS ORDERED as follows:**

1. Mr. King's claim for temporary disability benefits is denied.

2. Rentokil shall continue to furnish Mr. King reasonable and necessary medical treatment casually-related to his work injury under Tennessee Code Annotated section 50-6-204(a)(1)(A).

3. A status hearing is set for **May 27, 2026**, at **10:30 a.m. Eastern**. The parties must call **855-543-5044** to participate.

**ENTERED April 30, 2026.**

Brian K. Addington

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits[1]
1. Affidavit of Spencer King
2. Wage Statement
3. Medical bills- Spectrum Medical
4. Prescription bills
5. Correspondence by Dr. Jonathan Bryant
6. Medical records Watauga Orthopedics
7. Medical records-HMG
8. Medical records-Appalachian Orthopedics
9. Medical records-Spectrum Medical
10. Photographs (Collective)
11. Emails
12. Text messages (Collective)
13. Utilization Review
14. Written discovery

---

[1] Rentokil objected to several exhibits on relevance grounds. The Court took the objections under advisement and overrules the objections.

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent on April 30, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Spencer King, Employee | X | ███████████████ |
| Sarah Best, Employer's Attorney | X | shbest@mijs.com<br>clbailey@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*